HAROLD E. ROSS, A MINOR, BY HIS NEXT FRIEND, ANN CASPER, ANN CASPER AND HERMAN CASPER, RESPONDENTS, v. THE BREAKERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT.

Submitted May 31, 1946—Decided October 4, 1946.

For the appellant, *Durand, Ivins & Carton* (*J. Victor Carton* and *Robert V. Carton*).

For the respondents, *Ira J. Katchen* and *Parsons, Labrecque & Borden* (*Theodore J. Labrecque*).

The opinion of the court was delivered by

BODINE, J. The defendant appeals from a verdict entered in favor of the plaintiffs for damages suffered when Harold E. Ross, an infant, was injured in a swimming pool conducted by defendant at Long Branch, New Jersey.

The infant plaintiff was about eleven years old on the day of the accident. He and his family had a season bath house at the pool which was an open air affair. The bath house and the privileges of the pool were granted to Ross' family at a reduced price, but this in no way limited the invitation or lessened the obligation to the invitee. Harold had used the pool frequently and was accustomed to swimming and diving there.

On the day in question there was no lifeguard on duty at the particular pool where the injury occurred. After the diver ahead of Harold had used the board, he came up the ladder to make his dive. He observed no one using the pool in that vicinity. He was contemplating what is known as a back-jack dive. As he went down he saw two boys racing underneath.

He had not observed them before. He tried to avoid them by twisting out of their way but he struck one of them on the foot. At the time he was taken from the pool he could not move his arms, neck or head. His recovery was long, difficult and very expensive.

There was testimony that the practice is very general throughout the country of having a lifeguard on duty at pools in order to direct the traffic and to prevent just the thing that occurred in this case.

The testimony, as we have examined it, makes it clear that it was proper for the court to submit the case to the jury and that a nonsuit or the direction of a verdict for the defendant would have been manifest error.

There was in this case a sign under the springboard that diving was at the diver's risk, but this sign with respect to this eleven-year-old lad could not, as a matter of law, have justified the court, under the proofs adduced, in directing a verdict.

The questions of contributory negligence and assumption of risk were clearly questions for the jury and the failure to provide, as the proofs indicate, the reasonable degree of care generally exercised by operators of similar pools made the trial court's rulings proper. Disputed questions of fact present a jury question and the proofs as to standards of practice in like cases were far more than would justify a direction. No care whatever seems to have been taken for the safety of bathers since the single lifeguard on duty was engaged in another pool at the time of the occurrence.

The judgments under review will be affirmed, with costs.

*For affirmance*—PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WACHENFELD, DILL, FREUND, McGEEHAN, McLEAN, JJ. 11.

*For reversal*—THE CHIEF JUSTICE, COLIE, WELLS, RAFFERTY, JJ. 4.